IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMBER TERRY,<br><br>    Plaintiff,<br><br>v.<br><br>CROTHALL COMPASS GROUP,<br><br>    Defendant. | Case No. __2:21-cv-41__<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

NOW COMES Plaintiff, Amber Terry, by and through her attorney, Prabhu Narahari, Esq., of Ruppert Manes Narahari LLC, and files this Complaint alleging as follows:

## I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.,* and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq*. Plaintiff alleges that she was subjected to persistent racial harassment and discrimination by Defendant's management staff. Plaintiff further alleges that she was wrongfully terminated after calling attention to the prolonged disparate treatment perpetrated against her based solely on her race.

## II. Jurisdiction and Venue

2. This action arises under the Title VII. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5. Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding her allegations under Title VII on May 5, 2020, under charge number 533-2020-01479. *See Exhibit 1*.

6. Plaintiff was mailed Notice of Right to Sue from the ("EEOC") on October 14, 2020. This Complaint has been filed within ninety days of the Plaintiffs receipt, thus making this action timely. *See Exhibit 2*.

### III. Parties

7. Plaintiff, Amber Terry ("Plaintiff"), is an adult individual with a primary residence located at 810 Sixteenth Street, Ambridge, PA 15003.

8. Defendant, Crothall Compass Group ("Defendant"), is a Pennsylvania company with a regular place of business located at 1500 Liberty Ridge Drive #210, Wayne, PA 19087.

### IV. Facts

9. Plaintiff began working as a housekeeper for Defendant on January 23, 2020 at the company's location at Heritage Valley Sewickley Hospital.

10. Her job duties included cleaning rooms and stocking medical supplies throughout the building. Although she only worked for the company for a short period of time, Plaintiff enjoyed her job and was successful in her position. She worked well with other employees and was well liked by the hospital's patients.

11. However, early on in her employment, Plaintiff began to experience extreme sexual harassment perpetrated by her manager, Meryl Easley.

12. The instances of harassment were frequent.

13. For example, at one point, Plaintiff was on a break and called her husband, Mr. Jamal Terry. Mr. Easley approached Plaintiff while she was on the phone and began to lick his lips and display his tongue to her. He then told Plaintiff to tell her husband that he was going to take his shirt off so that she could see what a real man looks like.

14. In another instance, Plaintiff was in the breakroom fixing her shirt when Mr. Easley approached her and stated: "Yes, you do have big boobs."

15. A few days later, Plaintiff requested a new pair of scrubs from Mr. Easley because the pants that she had been issued did not fit well. At that point, Mr. Easley indicated that the only reason she reached out to him was because she loved hearing his voice. Plaintiff sternly corrected him.

16. Plaintiff additionally informed Mr. Easley that she wanted a new pair of pants so that her tattoo would not be exposed when she knelt down. Mr. Easley, in a very demeaning tone, stated that it was OK for Plaintiff to show him her tattoos. She then informed him that she was very uncomfortable by his tone and statements.

17. As Plaintiff's five-year wedding anniversary approached, she planned to celebrate the occasion with her husband. It is important to note that Plaintiff's husband was also employed by Defendant at Heritage Valley Sewickley Hospital.

18. While Plaintiff was not scheduled to work on their anniversary, her husband was asked to work that weekend. Plaintiff spoke to Mr. Easley and suggested that Mr. Terry work a sixteen-hour shift earlier in the week so that he could be off for their wedding anniversary.

19. Mr. Easley told her that she should just take a different man with her, implying that the two of them should go out to celebrate while Mr. Terry worked.

20. Plaintiff told Mr. Easley that his behavior was very disrespectful. Mr. Easley then stated the he expected Plaintiff and her husband to engage in sexual behavior in one of the hospital closets. In fact, he spoke to several of Plaintiff's co-workers about his thought regarding her and her husband's sexual activity.

21. All of these instances of sexual harassment were completely inappropriate and unwelcomed.

22. Interactions with Mr. Easley made Plaintiff feel extremely uncomfortable and unsafe.

23. On February 26, 2020, Plaintiff contacted Mr. Easley regarding an interaction that she had with another employee. At this point, for absolutely no reason, Mr. Easley began to yell at her in a very aggressive tone. Again, Plaintiff felt unsafe.

24. As a result, she went directly to the Human Resources department at the hospital.

25. There, she spoke with an employee named Denise and reported all of the harassment that she had faced. At the conclusion of her meeting with HR, Plaintiff explained that she did not feel safe working with Mr. Easley. She feared that his behavior would escalate and that he would eventually become physical with her.

26. Plaintiff stated that she could no longer work with Mr. Easley as her manager. Further, she told the HR representative that she would return to the department when something was done about his behavior.

27. However, Plaintiff was never contacted by anyone explaining what precautions would be taken to keep her safe. As a result, she was constructively discharged from her position.

## COUNT I
### Sexual Harassment and a Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1965

28. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

29. In order for Plaintiff to make a *prima facie* showing of sexual harassment and a hostile work environment, she must show:

   a. She suffered intentional discrimination because of her sex;

   b. The discrimination was pervasive and regular;

   c. The discrimination detrimentally affected her;

   d. The discrimination would detrimentally affect a reasonable person of the same sex in that position; and

   e. The existence of respondent superior liability. Martinez v. Rapidigm, Inc., 290 Fed.Appx. 521, 524 (3d Cir.2008) (*quoting* Weston v. Pennsylvania, 251 F.3d 420, 426 (3dm Cir.2001) (internal alterations omitted).

30. Further, the Third Circuit has established a "reasonable person" standard when it comes to evaluating the concept of an adverse employment action. Bearley v. Friendly Ice Cream Corp., 322 F. Supp. 2d 563, 577 (M.D. Pa. 2004).

31. A constructive discharge can qualify as an act of adverse employment. Id. Notably, such a discharge occurs when employment conditions are permitted to be "so unpleasant or difficult that a reasonable person would have felt compelled to resign." Duffy v. Paper Magic Group, Inc., 265 F.3d 163, 167 (3d Cir.2001) (citing Spangle v. Valley Forge Sewer Auth., 839 F.2d 171, 173 (3d Cir.1988)).

32. Here, Plaintiff is an employee within the meaning of Title VII.

33. Plaintiff, a female, was the victim of persistent and regular acts of sexual harassment at the hands of her manager. Plaintiff was targeted by Mr. Easley for no reason other than her sex. The instances of harassment were all related to the fact that she was female.

34. The acts of harassment made Plaintiff feel unsafe, uncomfortable, and fearful of doing her job while working for Mr. Easley.

35. No reasonable person would agree to subject themselves to such conduct.

36. Defendant owed a duty to Plaintiff to remedy her reports of an unsafe work environment. Defendant failed to do so, and, as a result, violated the law.

WHEREFORE, Plaintiff hereby requests Plaintiff hereby requests that this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff prays this Honorable Court award back pay, front pay, compensatory and liquidated damages as authorized by statute, prejudgment and continuing interest, and reasonable attorney's fees.

## COUNT II
**Sexual Harassment and Hostile Work Environment in Violation of the Pennsylvania Human Relations Act of 1955**

37. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

38. The analytical framework used to evaluate a claim under the PHRA is effectively indistinguishable from that under Title VII. See Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 409 (3d Cir. 1999).

39. Because Complainant is able to state a *prime facie* case for sexual harassment and hostile work environment under Title VII, so too will she be able to state such a claim under the PHRA.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in her favor, and against Defendant, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

        Respectfully Submitted,

        /s/ Prabhu Narahari
        Prabhu Narahari, Esq.
        PA ID: 323895
        **Ruppert Manes Narahari LLC**
        600 Grant St., Suite 4875
        Pittsburgh, PA 15219
        (412) 626-5588 Direct
        (412) 650-4845 Fax
        pn@rmn-law.com